*473 OI’INION.
Arnold:
This proceeding requires a classification of the loss sustained by the petitioner in connection with the making of loans over a period of years. During the taxable year the petitioner took over the property securing the total loans at a time when the agreed value of the property was $30,701.04 less than the indebtedness secured thereby. The respondent contends that the petitioner had a capital *474 net loss, and is limited by section 117 (d) of tbe Revenue Act of 1934 to a deduction of $2,000. Tbe petitioner contends that tbe $30,701.04 is deductible either as (1) a bad debt, or (2) an ordinary loss.
It has been stipulated that the loans were made by petitioner in tbe ordinary course of its banking business and that tbe loans were made for profit. Tbe facts here distinguish this proceeding from tbe decided cases involving tbe purchase or sale of real estate and tbe giving or taking back of a mortgage or deed of trust to secure tbe unpaid balance. See Betty Rogers, 37 B. T. A. 897; affirmed by tbe Ninth Circuit in Rogers v. Commissioner, 103 Fed. (2d) 790, which involved a purchase of real property, and tbe subsequent conveyance of the property back to tbe vendor in consideration of release from liability and tbe cancellation and surrender of the note for tbe unpaid balance; and Marry Payne Bingham, 38 B. T. A. 913, on appeal to tbe Second Circuit, which involved tbe sale of real property for cash and notes secured by a mortgage, and upon default tbe reacquisition of tbe real property at a value less than tbe amount of the notes.
Tbe debtor of tbe petitioner was successively tbe estate of Van A. Webster, deceased, and tbe trust estate created by tbe deed of June 2, 1931. Tbe notes renewed after June 2, 1931, were executed by a trust officer of tbe petitioner, who was acting for and in behalf of tbe petitioner bank in its fiduciary capacity. In other words tbe bank in its own right was lending money to itself in its capacity as trustee, and tbe petitioner bank had agreed that it would look only to tbe property securing tbe indebtedness for recovery of the sums loaned. Marie Carter Sturges was not personally liable for the payment of tbe amount due petitioner. It was not her indebtedness. She neither executed tbe notes nor did she make herself personally responsible in any way for the payment thereof.
The deed, dated May 18, 1935, indicates that tbe petitioner had advanced from time to time after June 2, 1931, further and additional sums to tbe trust estate for tbe upkeep, maintenance, and payment of taxes upon tbe real property securing tbe total indebtedness. Tbe deed was executed to tbe petitioner in its own right “in payment and full satisfaction of all tbe said indebtedness” owing petitioner, “and in satisfaction, release and settlement of all obligations, duties and liabilities agreed to be performed and/or assumed by” petitioner, as trustee.
At the time Marie Carter Sturges executed the deed of May 18, 1935, to the petitioner and at the time petitioner accepted the conveyance, the trust estate was insolvent, and her rights therein, which were subject to petitioner’s rights, were of no value whatsoever. In so far as Marie Carter Sturges was concerned, therefore, she parted with nothing of value by her last conveyance, and was relieved of no obligation thereby.
*475 In our opinion this proceeding is governed by the same principle as that applied in James R. Stewart, 39 B. T. A. 87; Harold S. Denniston, 37 B. T. A. 834, and Charles T. Carlson, 39 B. T. A. 185. The interest of Marie Carter Sturges in the property securing the notes was conveyed to the petitioner in settlement and satisfaction of the indebtedness of the trust estate. To the extent that the security failed to extinguish the indebtedness the loans of the petitioner represented worthless debts. Since there is no question about the charge-off of the remainder of the debts in the taxable year, the deduction claimed should have been allowed.
Some of the decided cases have held that the compromise of notes for less than their face value results in an ordinary loss. Hale v. Helvering, 85 Fed. (2d) 819; Commissioner v. Freihofer, 102 Fed. (2d) 787, affirming Sol Greisler, 37 B. T. A. 542; Lloyd Jones, 39 B. T. A. 531; Commonwealth, Inc., 36 B. T. A. 850. Much of the language used in these decisions would be applicable here if we should , rest our decision upon a determination that an ordinary loss as distinguished from a capital loss resulted. But we prefer to rest our decision upon the classification of this deduction as a bad debt.
For the foregoing reasons it is our opinion that no sale or exchange within the meaning of section 117 occurred, and the deduction claimed should be allowed as a bad debt ascertained to be worthless and charged off in the taxable year.

Decision will be entered wider Rule 50.